UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

PAUL CHAPPA, and others similarly-situated,

    Plaintiffs,

vs.

LARGAESPADA KITCHEN CABINET CORP., EDITH MIRANDA and ANDY W. LARGAESPADA, individually,

    Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, PAUL CHAPPA, by and through his undersigned attorney, and hereby sues Defendants, LARGAESPADA KITCHEN CABINET CORP., a Florida profit corporation, EDITH MIRANDA and ANDY W. LARGAESPADA (herein collectively referred to "the EMPLOYER", unless referred to individually), and alleges:

### JURISDICTIONAL ALLEGATIONS AND VENUE

1. This is an action to recover money damages for unpaid overtime and minimum wages. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and pursuant to Fla. Const. Art. 10 § 24.

2. Plaintiff is a resident of Miami-Dade County, Florida.

3. The corporate Defendant, LARGAESPADA KITCHEN CABINET CORP., is a Florida profit corporation, which at all times material hereto, was doing business in Broward County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce. The individual Defendants reside in Broward County, Florida.

4. This action is brought by Plaintiff to recover from the Employer unpaid overtime and minimum wages, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207, and Fla. Const. Art. 10 § 24.

5. FLSA coverage is triggered because the corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other States, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over State lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and two or more employees handled goods or materials that moved in the stream of commerce on a frequent and recurrent basis, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

6. Plaintiff, and those similarly-situated employees, regularly, and on a recurring basis utilized and handled equipments, goods or materials manufactured and purchased from outside the State of Florida, or which originate from places outside the State of Florida and regularly used the instrumentalities of interstate commerce in their work.

7. Those similarly-situated employees are current and former employees who worked at the facility, performed the same or similar duties as the Plaintiff and were not paid overtime and minimum wages for their hours worked.

8. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## PLAINTIFF'S EMPLOYMENT

9. Plaintiff was employed by Defendants, LARGAESPADA KITCHEN CABINET CORP., EDITH MIRANDA and ANDY W. LARGAESPADA, as a kitchen cabinet installer. Plaintiff's job duties included: installing kitchen cabinets as well as assisting with other regular duties associated with his work. Plaintiff worked for Defendants from approximately February 2016 through January 6, 2017. Plaintiff worked an average of 48 hours a week on-the-clock and an additional 6 off-the-clock hours a week. For the first five (5) months of his employment, Plaintiff was paid at an hourly-rate of $8.00. Thereafter, Plaintiff's hourly-rate increased to $10.00; however, he was not paid for all hours that he worked.

## COUNT I
## UNPAID FEDERAL MINIMUM WAGE AGAINST
## LARGAESPADA KITCHEN CABINET CORP.

10. Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

11. Defendants are required to pay their employees a minimum wage not less than $8.05 per hour from January 1, 2016 through December 31, 2016.

12. Plaintiff was employed with Defendant as a kitchen cabinet installer. He worked an average of 48 hours per week, on-the-clock and an additional 6 off-the-clock hours, where he was not paid any wages at all. For the first five (5) months of Plaintiff's employment (approximately February 2016 through July 2016), he was paid an average of $8.00 per hour, while the required minimum wage was $8.05.

13. The FLSA requires that the Employer pay Plaintiff a required minimum wage per hour. During Plaintiff's employment with Defendants, he worked an average of 6 off-the-clock hours per week where he was not paid any wages. The average of the hours worked and pay received each week was below the minimum wage.

14. Plaintiff is entitled to receive at least minimum wage for each and every hour he worked. On approximately June 2016, Defendant failed to pay any wages to Plaintiff for one week of work he duly performed. Additionally, on approximately January 1, 2017 through January 6, 2017, Defendant failed to pay Plaintiff his wages. Defendant's failure to pay any wages during this time period constitutes a minimum wage violation as Plaintiff was paid $0.00 per hour during this time period. The Defendant is indebted to the Plaintiff for minimum wages in the amount of liquidated damages, as a result of its failure to pay wages.

15. As a result of the under-payments of wages alleged above, Defendant is indebted to Plaintiff in the amount of the unpaid minimum wage compensation. Plaintiff proposes to obtain the necessary records and information to determine the amount of the under-payment to him by appropriate discovery proceedings to be promptly taken in this cause.

16. Defendant willfully and intentionally failed to pay Plaintiff the statutory minimum wage as set forth above and remain owing him back wages. Defendant knew of the failure to pay Plaintiff. Defendant showed reckless disregard by failing to pay Plaintiff for his work and failing to comply with the Florida Constitution requirement of minimum wages. Defendant did not keep time records, or other payroll records so as to avoid liability for the legally mandated wages. Defendant chose to pay Plaintiff a wage which was below the required minimum wage. Defendant misclassified Plaintiff as an independent contractor, and not an employee in order to avoid FLSA obligations. Defendant also failed to pay overtime wages knowing that Plaintiff was entitled to be paid the overtime wage required by the FLSA. Defendant remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above and is entitled to a recovery of double damages.

17. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

18. Plaintiff has complied with all conditions precedent to filing this action.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees from the corporate Defendant, LARGAESPADA KITCHEN CABINET CORP., jointly and severally with the individual Defendants, EDITH MIRANDA and ANDY W. LARGAESPADA, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's employment period as stated above with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendant from committing any future FLSA violations. In the event that Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages,

and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## UNPAID FEDERAL MINIMUM WAGE AGAINST
## EDITH MIRANDA AND ANDY W. LARGAESPADA

19. Plaintiff re-alleges and re-avers paragraphs 1 through 19 as fully set forth herein.

20. The individual Defendants, EDITH MIRANDA and ANDY W. LARGAESPADA, are FLSA employers, as defined in 29 U.S.C. § 203(d), as they had operational control over the Defendant corporation and additionally were directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. EDITH MIRANDA and ANDY W. LARGAESPADA, also controlled the purse strings for the Defendant corporation.

21. As FLSA employers, EDITH MIRANDA and ANDY W. LARGAESPADA are liable to Plaintiff, together with the corporate Defendant.

22. The FLSA requires that the Employer pay Plaintiff a required minimum wage per hour. During Plaintiff's employment with Defendants, he worked an average of 6 off-the-clock hours per week where he was not paid any wages. Plaintiff was entitled to be paid the minimum wage for each hour worked.

23. Plaintiff was employed with Defendants as a kitchen cabinet installer. He worked an average of 48 on-the-clock hours a week and an additional 6 off-the-clock hours, where he was not paid any wages. For the first five (5) months of Plaintiff's employment (approximately February 2016 through July 2016), he was paid an average of $8.00 per hour, while the required minimum wage was $8.05.

24. Plaintiff is entitled to receive at least minimum wages for each and every hour he worked. On approximately June 2016, the individual Defendants failed to pay any wages to

Plaintiff for one week of work he duly performed. Additionally, on approximately January 1, 2017 through January 6, 2017, Defendants failed to pay Plaintiff his wages. The individual Defendants' failure to pay any wages constitutes a minimum wage violation. The Defendants are indebted to the Plaintiff for minimum wages in the amount of liquidated damages, as a result of their failure to pay wages.

25. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiff in the amount of the unpaid minimum wage compensation. Plaintiff proposes to obtain the necessary records and information to determine the amount of the under-payment to him by appropriate discovery proceedings to be promptly taken in this cause.

26. Defendants willfully and intentionally failed to pay Plaintiff the statutory minimum wage as set forth above and remain owing him back wages. Defendants knew of the failure to pay Plaintiff. Defendants showed reckless disregard by failing to pay Plaintiff for his work and failing to comply with the Florida Constitution requirement of minimum wages. Defendants did not keep time records, or other payroll records so as to avoid liability for the legally mandated wages. Defendants remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above and is entitled to a recovery of double damages.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

28. Plaintiff has complied with all conditions precedent to filing this action.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees from the individual Defendants, EDITH MIRANDA and ANDY W. LARGAESPADA, jointly and severally with the corporate Defendant, LARGAESPADA

KITCHEN CABINET CORP., pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's employment period as stated above with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendants from committing any future FLSA violations. In the event that Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III
## UNPAID OVERTIME WAGES AGAINST
## LARGAESPADA KITCHEN CABINET CORP.

29. Plaintiff re-alleges and re-avers paragraphs 1 through 10, as fully set forth herein.

30. Plaintiff was employed with Defendant as a kitchen cabinet installer. He worked an average of 48 hours per week and was not paid half-time his hourly-rate for hours he worked in excess of forty (40). Moreover, Plaintiff worked an additional 6 off-the-clock hours per week where he was not paid any wages and is therefore owed time-and-a-half. Plaintiff was not paid the appropriate overtime wages for hours worked in excess of 40 per week.

31. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

32. Defendant willfully and intentionally failed to pay Plaintiff overtime wages as required by the Fair Labor Standards Act. Defendant has knowledge of Plaintiff's work schedule

and the amount of hours he worked. Defendant did not keep time records, or other payroll records so as to avoid liability for the legally mandated wages. Defendant remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above and is entitled to a recovery of double damages.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant, LARGAESPADA KITCHEN CABINET CORP., jointly and severally with the individual Defendants, EDITH MIRANDA and ANDY W. LARGAESPADA, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT IV
### INDIVIDUAL LIABILITY AGAINST
### EDITH MIRANDA AND ANDY W. LARGAESPADA

34. Plaintiff re-alleges and re-avers paragraphs 1 through 10, 30 through 34 as fully set forth herein.

35. Under the FLSA, the individuals who had operational control over the Defendant corporation may be held individually liable, together with the Defendant corporation.

36. The individual Defendants, EDITH MIRANDA and ANDY W. LARGAESPADA, are "employers", as defined in 29 U.S.C. § 203(d), as they had operational

control over the Defendant corporation and are directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Moreover, EDITH MIRANDA and ANDY W. LARGAESPADA controlled the purse strings for the corporate Defendant.

37. EDITH MIRANDA and ANDY W. LARGAESPADA, hired and fired employees, determined the rate of compensation and were responsible for ensuring that employees were paid the wages required by the FLSA.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the individual Defendants, EDITH MIRANDA and ANDY W. LARGAESPADA, jointly and severally together with the corporate Defendant, LARGAESPADA KITCHEN CABINET CORP., pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: *s/Edilberto O. Marban*
    EDDY O. MARBAN, ESQ.
    Fl. Bar No. 435960